IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY LaFAY, ) | |
| ) | Case No. CV-05-287-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| MICRON TECHNOLOGY, INC., ) | |
| a Delaware Corporation, DAVID ) | |
| Korn, and JOHN/JANE DOES I ) | |
| through X ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendants' Motion for Reconsideration (Docket No. 48). The Court has determined that oral argument is not necessary, and the Court will issue its decision based on the briefs.

## ANALYSIS

Reconsideration is appropriate only if one of the following three criteria are met: (1) the Court is presented with newly discovered evidence; (2) the Court committed clear error or its decision was manifestly unjust; or (3) there is an intervening change in controlling law. See *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Carroll v.*

**Memorandum Decision and Order - Page 1**

*Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Micron Technology, Inc. ("Micron") contends that the Court's earlier decision was clearly erroneous.

In its earlier opinion, the Court determined that, taking the facts in the light most favorable to LaFay, there is evidence from which a finder of fact could conclude that LaFay attempted to provide medical certification to his supervisor approximately three days after the request, but his supervisor refused to accept it. (See Korn Depo. 151:18 - 152:23, Ex. B to Olsson Aff., Docket No. 34). Thus, a material fact question has been generated as to whether Micron failed to follow through with the regulations regarding requests for certification. 29 C.F.R. § 825.305(b).

Citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002), Micron argues that LaFay's FMLA claim fails because even if he can prove a violation of the FMLA, he cannot show that he was prejudiced by the violation. Micron contends that Micron's failure to give LaFay the extra eleven days to provide Micron with the requested medical certification, as required by 29 C.F.R. § 825.305(b), did not result in any prejudice to LaFay. Micron contends that the information given to Micron by LaFay was nothing new, and therefore Micron could still terminate LaFay regardless of the new information.

However, the regulations also require that "[t]he employer shall advise an

**Memorandum Decision and Order - Page 2**

employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency." by 29 C.F.R. § 825.305(d).  Micron did not do this.  Thus, at the very least, LaFay lost his compensation and benefits for the extra eleven days and/or reasonable time he should have been given to cure any deficiency in his medical certification.  Accordingly, the Court will deny the Motion for Reconsideration.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (Docket No. 48) shall be, and the same is hereby, DENIED.



DATED: **March 20, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 3**