IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY LaFAY,<br><br>         Plaintiff,<br><br>     v.<br><br>MICRON TECHNOLOGY, INC.,<br>a Delaware Corporation, DAVID<br>Korn, and JOHN/JANE DOES I<br>through X<br><br>         Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV-05-287-S-BLW

**MEMORANDUM DECISION
AND ORDER AND
PRE-TRIAL ORDER**

## INTRODUCTION

The Court has before it Defendants' Motion in Limine (Docket No. 58) and

Plaintiff's Motion in Limine (Docket No. 67).  The Court heard oral argument on

the motions on April 30, 2007, and now issues the following decision.  The Court

will also outline the trial procedures discussed during the pre-trial conference held

on April 30, 2007.

**I.**  **Defendants' Motion in Limine Re: Damages**

LaFay applied for FMLA leave on February 17, 2004.  On that same day,

Micron sent LaFay a letter requesting medical certification within 15 days.

(Docket No. 34, Olsson Aff., Ex. J, Sloat Depo., ex. 3).  The letter also notified

LaFay that if LaFay failed to submit documentation, "any time off taken for this

reason will be subject to Micron's attendance guidelines."  Id.  On February 24,

2004, Micron granted LaFay's FMLA application and approved leave for February

17, 2004 through April 21, 2004.

      However, there is at least a genuine issue of material fact as to the following

alleged incidents:  (1) On February 26, 2004, Dr. Crowley signed a Work Release

Form indicating that LaFay could return to work, but with the restriction of limited

chemical exposure; (2) By this time, Micron had developed what it considered

redundant safety procedures to assure that LaFay would encounter limited

chemical exposure when he returned to work.  (See Exhibit 8 to Hadyka Depo.,

attached as Ex. N to Olsson Aff.); (3) On March 3, 2004, Micron Benefit

Coordinator, Scott Sloat, notified Lafay during a telephone conversation that he

could return to work.  (See Sloat Depo. 54: 4-5, attached as Ex. J to Olsson Aff.);

(4) LaFay disagreed that he was medically cleared to return to work.  (See Sloat

Depo. 54: 5-7, attached as Ex. J to Olsson Aff.); (5) Sloat requested additional

medical certification from LaFay on March 3, 2004. (See Sloat Depo. 54: 6-7,

attached as Ex. J to Olsson Aff.); (6) Neither Sloat, nor anyone else at Micron,

**Memorandum Decision and Order -- Page 2**

advised LaFay of the anticipated consequences of his failure to provide the additional certification. (See Sloat Depo. 54: 8-10, attached as Ex. J to Olsson Aff.); (7) Lafay then attempted to provide medical certification to his supervisor on March 7, 2004, but his supervisor refused to accept it.  (See Korn Depo. 151:18 - 152:23, Ex. B to Olsson Aff., Docket No. 34); and (8) Micron failed to advise LaFay that his certification was incomplete or provide LaFay a reasonable opportunity to cure any such deficiency. (See Sloat Depo. 54: 11-14, attached as Ex. J to Olsson Aff.).  Micron then terminated LaFay on March 8, 2004.

Micron seeks an Order limiting LaFay's damages to his lost wages for the 10-11 days following his termination (the difference between the 15 days LaFay should have been allotted and the 4-5 days he was allotted to come forth with a medical certification of his illness).  The Court disagrees.

Although the FMLA does not require an employee to submit a medical certification in order to be eligible for FMLA, an employer may require that an employee's leave be supported by a certification issued by the health care provider of the employee.  29 C.F.R. § 825.305(a).  Once the request is made, the employer "must allow at least 15 calendar days after the employer's request" for the employee to comply.  29 C.F.R. § 825.305(b).  Additionally, at the time the employer requests certification, the employer must advise the employee of the

anticipated consequences of the employee's failure to provide adequate certification.  See 29 C.F.R. § 825.305(d).  Furthermore, the employer must advise the employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency. See 29 C.F.R. § 825.305(d).

Implicit in these requirements is the employee's right to return to work, at least within the 15-day period, if the employee is unable to provide the requested certification.  This is particularly true where an employer fails to advise the employee that he will be terminated if he fails to provide adequate certification.  Accordingly, based on the disputed issues of fact, there is at least one scenario where LaFay's damages should not be limited to his 10-11 days of lost wages – if LaFay can convince the jury that he would have returned to work within the 15 day period upon determining that he would be unable to provide Micron with the requested medical certification.  Accordingly, the Court will deny Micron's motion in limine.

## II.  LaFay's Motion in Limine Re: LaFay's Job Performance

LaFay makes a relevance objection to Micron offering evidence of LaFay's past job performance.  LaFay contends that because Micron already gave a reason for terminating Lafay – he refused to show up for work on March 7, 2004 – his job

**Memorandum Decision and Order -- Page 4**

performance is irrelevant.  It appears that such information is probably irrelevant.

However, the issue is difficult to decide outside the context of trial.  The Court can imagine several instances, particularly with respect to damages, where the information may be relevant.  Therefore, the Court will grant the motion, subject to reconsideration should it become relevant during trial.  The Court will require Micron to forewarn the Court if it feels the issue has become relevant so that the Court can consider the issue at sidebar during trial.

## III.    Trial Procedures

Pursuant to the pretrial conference, the Court issues the following directions for trial in this matter:

1.    Trial shall commence on Monday, May 14, 2007 at 9:00 a.m.  The parties agree that the case will be submitted to the jury no later than early Friday afternoon, May 18, 2007.

2.    The Court will generally control voir dire, and counsel's voir dire will be limited to approximately 30 minutes per side.  Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

**Memorandum Decision and Order -- Page 5**

3.    During trial, the jury will be in the box hearing testimony the entire
trial day between 9:00 a.m and 5:00 p.m., except for the standard
fifteen minute morning and afternoon recesses, and the lunch recess.
During the time the jury is in the jury box, no argument, beyond on-
sentence evidentiary objections, shall be allowed to interrupt the flow
of testimony.  If counsel have matters that need to be resolved outside
the presence of the jury, they are to advise the Court and counsel prior
to the issue arising during trial so that it can be heard during a recess,
or before or after the jury convenes.  Where the need for such a
hearing cannot be anticipated, the Court will direct the examining
counsel to avoid the objectionable subject and continue on a different
line of questioning so that the objection can be argued and resolved at
the next recess.  To avoid late-night sessions, counsel are advised to
bring up all anticipated evidentiary questions in their pretrial briefs.

4.    Counsel shall have enough witnesses ready to ensure a full day of
testimony.  By noon each day, Counsel shall inform opposing counsel
of the witnesses he/she intends to call the next day.  If witnesses are
unavoidable delayed, counsel shall promptly notify the court and
opposing counsel.

**Memorandum Decision and Order -- Page 6**

5.      Each party shall have 3 peremptory challenges.  The Court will
        ultimately seat 7 jurors, and the verdict must be unanimous.

6.      The parties shall provide the deposition transcript of Linda Hadyka,
        and objections thereto, to the Court on or before May 4, 2007 so that
        the Court can rule on the objections before trial.

7.      Each party shall have 30 minutes for opening statements and 45
        minutes for closing arguments.  Plaintiff may reserve part of his 45-
        minutes closing argument time for rebuttal, but the Court cautions
        Plaintiff that rebuttal must be true rebuttal argument.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion in Limine (Docket No. 58) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine (Docket No. 67) shall be, and the same is hereby, GRANTED, subject to reconsideration as discussed above.

**Memorandum Decision and Order -- Page 7**

IT IS FURTHER ORDERED that the parties shall comply with the trial procedures outlined above.



DATED:  **May 2, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order -- Page 8**